**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 14-9-DLB**

**STEPHEN VILLARREAL**                                                                 **PLAINTIFF**

**VS.**                 **MEMORANDUM OPINION & ORDER**

**J.C. HOLLAND, ET AL.**                                                  **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I. INTRODUCTION**

Plaintiff Stephen Villarreal is currently confined by the Bureau of Prisons ("BOP") in the Residential Reentry Management ("RRM") field office located in San Antonio, Texas.[1] Proceeding without counsel, Villarreal has filed a civil rights complaint, asserting constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (Doc. # 1). By separate Order, the court has granted Villarreal's motion to proceed *in forma pauperis*. (Doc. # 4).

The Court has conducted a preliminary review of Villarreal's complaint because he asserts claims against a government official and because he has been granted pauper status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Because Villarreal is not represented by an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

---

[1] When Villarreal filed this proceeding, he was confined in the United States Penitentiary ("USP")-McCreary, which is located in Inez, Kentucky. *See* http://www.bop.gov/inmateloc/ (last visited on May 28, 2014). Villarreal did not inform the Court of his change of address; the Court obtained this information only by independently checking the BOP's website.

555-56 (2007). For the reasons set forth below, the Court will dismiss some of Villarreal's claims, but will allow others to proceed.

## II. ALLEGATIONS OF THE COMPLAINT

Villarreal claims that from the time he arrived at USP-McCreary in 2012, he has experienced various adverse side effects of Hepatitis C, such as nausea, fatigue, joint pain, liver pain, depression, anxiety, and loss of appetite. Villarreal contends that the USP-McCreary medical staff has failed to adequately treat his Hepatitis C condition. Specifically, Villarreal alleges that prison medical staff has failed and/or refused to provide him with Interferon and Ribaviran, medications which he alleges will give him a "Sustained Virological Load." (Doc. # 1, at 2). Villarreal alleges that the USP-McCreary medical staff informed him that he had been approved to receive these medications, but that as of January 13, 2014, he had not received the treatment therapy. Villarreal contends that by failing and/or refusing to administer these medications to him, the USP-McCreary medical staff has been deliberately indifferent to his serious medical needs, in violation of his rights guaranteed by the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment.

Villarreal states that between April 30, 2013, and June 10, 2013, he exhausted his medical claims through all levels of the BOP's administrative remedy process, but that the BOP Central Office never responded to his final appeal. (Doc. # 1, at 5). He further alleges that in May 2013, the BOP informed him that he would undergo a liver biopsy, but that as of January 13, 2014, the liver biopsy had not been performed. (*Id.*); *see also* (Doc. # 1, at 4) (stating that the Utilization Review Committee had approved Villarreal for a liver biopsy). Villarreal requests both injunctive relief and monetary damages: both an order

directing the USP-McCreary medical staff to provide him with the Interferon and Ribaviran medications and unspecified monetary and punitive damages to compensate him for his pain and suffering.² (*Id.* at 8).

### III. DISCUSSION

#### A. Injunctive Relief and *Bivens* Official Capacity Claims

Villarreal's claims seeking injunctive relief regarding his medical treatment will be denied as moot. As noted, Villarreal is now confined in the RRM facility in San Antonio Texas, and is no longer confined in USP-McCreary. A prisoner's request for injunctive relief becomes moot when he is transferred to another facility. *See Coleman v. Bowerman*, 474 F. App'x 435, 438 (6th Cir. 2012); *Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding prisoner's claim for injunctive and declaratory relief mooted by his transfer to new facility).

To the extent that Villarreal may be asserting claims for money damages against the three named USP-McCreary officials in their official capacities, he cannot proceed. A claim under *Bivens* can only be asserted against federal officials sued in their individual capacities. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *see also Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (stating that *Bivens* actions are "against federal officials individually."). Thus, Villarreal cannot assert claims seeking monetary damages from these defendants in their official capacities.

---

² On December 13, 2013, Villarreal filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 asserting these same Eighth Amendment claims. *See Villarreal v. Holland*, No. 6:13-CV-252-DLB (E.D. Ky. 2013). On December 18, 2013, the Court dismissed that action without prejudice, on the grounds that condition of confinement claims cannot be asserted in a § 2241 proceeding. (Doc. # 2, at 2). Villarreal then filed this *Bivens* proceeding on January 13, 2014.

### B. *Bivens* Individual Capacity Claims

Villarreal's Eighth Amendment claims seeking monetary and punitive damages from USP-McCreary Warden J.C. Holland, in his individual capacity, will be dismissed without prejudice. Villarreal has named Holland as a defendant to this action, but he did not mention or refer to Holland in his summary of the events, nor did he allege facts which would indicate how Holland violated his Eighth Amendment rights relating to his medical treatment. Villarreal may have named Holland because he is the Warden and head administrator of USP-McCreary, but a *Bivens* claim requires a showing that the named defendant's action(s) resulted in the deprivation of a constitutional right. *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). A supervisory government employee is only liable for his or her own misconduct. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009), and *respondeat superior* cannot form the basis of liability in a *Bivens* action. *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir. 1978). In other words, a plaintiff cannot assert a claim against a federal official merely because he had supervisory authority over subordinates who may have allegedly violated his federal constitutional rights.

Instead, a *Bivens* plaintiff must show that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *Gregory v. Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994). Villarreal does not, however, allege that Holland was directly or indirectly involved in any of allegedly adverse medical decisions, or that Holland encouraged any type of misconduct at USP-McCreary relative to his medical treatment. Villarreal may be basing his Eighth Amendment claims against Holland on the fact that Holland denied his administrative remedy on May 14, 2013, but the denial of a grievance or the failure to act

upon the filing of a grievance is insufficient to establish liability under *Bivens*. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Thus, Villarreal's Eighth Amendment *Bivens* claims seeking monetary and punitive damages from Warden J.C. Holland, in his individual capacity, fail to state a claim upon which relief can be granted and will be dismissed.

Villarreal also names "B." Barron, USP-McCreary Health Services Administrator (HSA), as a defendant, but again, he does not allege that Barron was personally or directly involved in any of the medical decisions, or lack of medical decisions, about which he complains. Further, Barron's position as a prison administrator, standing alone, does not subject him or her to Eighth Amendment liability. *See Bevil v. Lappin, et al.*, No. 0:11-CV-117-HRW, 2012 WL 1409550, at *2 (E.D. Ky. Apr. 23, 2012). Further, the Sixth Circuit has rejected *Bivens* claims against an HSA when the Plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for the alleged violation of his constitutional rights." *Shedden v. United States*, 101 F. App'x 114, 115 (6th Cir. 2004).[3] Thus, Villarreal's Eighth Amendment claims seeking monetary and punitive damages from "B." Barron, USP-McCreary HSA, in his or her individual capacity, fail to state a claim upon which relief can be granted and will be dismissed.

The third and final individually named defendant is Dr. "J." Vazquez, the Clinical Director of USP-McCreary. Once again, Villarreal did not allege that Dr. Vazquez was

---

[3] Other courts have dismissed prisoner Eighth Amendment medical claims against defendant HSAs, and higher level BOP administrative officials, because they either were not medical professionals personally involved with the prisoners' medical treatment or they lacked authority to override the treating physician's decisions about the prisoners' medical treatment. *See Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999); *Camberos v. Branstad*, 73 F.3d 174,176 (8th Cir. 1995); *Warren v. Epps*, No. 2:10cv22-MTP, 2011 WL 3349829, at *6, (S.D. Miss. August 2, 2011); *McIntosh v. Beighley*, No. 2:08cv414-WTL, 2011 WL 1364208, at *3 (S.D. Ind. April 11, 2011); *Wagner, Jr. v. Wexford Medical Health Services*, No. 2:09cv28, 2010 WL 3395037, at *5 (N.D. W. Va. July 21, 2010).

directly or personally responsible for denying him medications he requested, but because Dr. Vazquez is in fact a medical professional, he will be directed to respond to Villarreal's Eighth Amendment claims seeking monetary and punitive damages. The London Clerk's Office will be directed to issue summons for Dr. "J." Vazquez, and because Villarreal has been granted pauper status, the United States Marshals Service ("USMS") will serve the summons and complaint on his behalf. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

## IV. CONCLUSION

It is not enough for Plaintiff to suggest that his constitutional rights were violated. He must also show who injured his constitutional rights and describe that person's (or those peoples') illegal conduct in detail. Plaintiff may refile his claims[4] or amend his current complaint to extend this lawsuit to more defendants, so long as those additional complaints or amendments comply with applicable law. For now, however, most (but not all) of Plaintiff's claims must fail. Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff Stephen Villarreal's Eighth Amendment *Bivens* claims seeking injunctive relief relative to his medical treatment are **DENIED as MOOT**.

(2) Villarreal's Eighth Amendment *Bivens* claims seeking monetary and punitive damages from Defendants J.C. Holland, USP-McCreary Warden; "B." Barron, USP-McCreary Health Services Administrator; and Dr. "J." Vazquez, USP-McCreary Clinical Director, in their official capacities, are **DISMISSED WITHOUT PREJUDICE**.

---

[4] A district Court's dismissal order does not have *res judicata* effect where, as here, the Court specifies that the dismissal is without prejudice. *See Guzowski v. Hartman*, 849 F.2d 252, 253 (6th Cir. 1988).

(3) Villarreal's Eighth Amendment *Bivens* claims seeking monetary and punitive damages from Defendants J.C. Holland, USP-McCreary Warden, and "B." Barron, USP-McCreary Health Services Administrator, in their individual capacities, are **DISMISSED WITHOUT PREJUDICE**.

(4) Villarreal's Eighth Amendment *Bivens* claims seeking monetary and punitive damages from Dr. "J." Vazquez, in his individual capacity, shall proceed.

(5) A Deputy Clerk in the London Clerk's Office shall prepare a "Service Packet" for Dr. J." Vazquez, Clinical Director of USP-McCreary, and the Service Packet shall include:

    (a) a completed summons form;
    (b) the Complaint (Doc. # 1) and all attachments thereto;
    (c) this Memorandum Opinion and Order; and
    (d) a completed USM Form 285.

(6) The London Deputy Clerk shall send the Service Packets to the USMS in Lexington, Kentucky.

(7) For each defendant to be served, the USMS shall serve them by:

    (a) Sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky,
    (b) Sending a Service Packet for Dr. "J." Vazquez by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.; and
    (c) Personally serving Dr. "J." Vazquez, USP-McCreary Clinical Director, with a Service Packet through arrangement with the BOP.

(8) The USMS is responsible for ensuring that Dr. "J." Vazquez is successfully served with process. In the event that an attempt at service upon him is unsuccessful, the

USM shall make further attempts and shall ascertain such information as is necessary to ensure successful service

(9) Within 40 days of the date of entry of this Order, the USMS Office shall send a Service Report to the London Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to Dr. "J." Vazquez.

    (a) If Dr. "J." Vazquez is served by certified mail, the Service Report shall include:

        (1) a copy of the green card showing proof of service; or

        (2) a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

    (b). If Dr. "J." Vazquez is personally served, the Service Report shall indicate:

        (1) that the defendant was successfully served personally, or

        (2) a statement explaining why the defendant could not be served and what efforts are being taken to locate the defendant and accomplish personal service.

(10) **Villarreal must immediately advise the London Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case**. Villarreal must communicate with the Court **solely** through notices or motions filed with the London Clerk's Office. **The Court will disregard correspondence sent directly to the undersigned's chambers.**

(11) With every notice or motion filed with the Court, Villarreal **must** (a) mail a copy to each defendant (or his or her attorney); and (b) at the end of the notice or motion,

8

certify that he has mailed a copy to each defendant (or his or her attorney) and the date on which this was done. **The Court will disregard any notice or motion which does not include this certification.**

(12)  The Clerk of the Court shall send a copy of this Memorandum Opinion and Order to Villarreal at the following address: Stephen Villarreal, BOP Register No. 55745-280, RRM San Antonio, 727 East Cesar E. Chavez Blv., Suite B-138, San Antonio, Texas, 78206.

This 30th day of June, 2014.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\London\2014\14-9 MOO.wpd